AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Odis J. Hosley<br><br><br>*Defendant(s)* | )<br>)<br>) Case No. 19-8364-BER<br>)<br>)<br>) |

FILED BY _____ D.C.

AUG 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 25, 2019** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Distribution of a Controlled substance, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Joseph C. Verneer, IV DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/29/19

_____
Judge's signature

City and state: West Palm Beach, FL    Bruce Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT
## OF
## SPECIAL AGENT
## JOSEPH C. VERNEER, IV
## DRUG ENFORCEMENT ADMINISTRATION
## UNITED STATES DEPARTMENT OF JUSTICE

I, Joseph C. Verneer, IV, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) United States Department of Justice (DOJ), currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2. I have been a SA with the DEA since February 21, 2016. Prior to my employment with DEA, I served as a Federal Air Marshal with the Federal Air Marshal Service in the New York and Miami Field Office from March 2009 to February 2016. I am currently assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs, to include, but not limited to, heroin, fentanyl, cocaine hydrochloride and cocaine base commonly referred to as "crack" cocaine.

3. While employed with the DEA, I have received ongoing training to include classes in Basic Telecommunication Exploitation, Internet Telecommunication Exploitation and Wire and Oral Telecommunication Interceptions. As a SA with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining

places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 856, 846, 952, and 963, respectively. Based upon this experience, and through the experience of other agents and detectives with numerous years of experience, I have also become well versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also participated in surveillances, electronic surveillances, and wire surveillances. Additionally, I have arrested individuals for various drug violations and have spoken with a number of drug dealers, drug users, and informants concerning the methods and practices of drug traffickers. As a result of my law enforcement experiences, and the experience of other agents and detectives I have worked with in dealing with drug traffickers, I have found that they rarely speak openly about their illegal narcotics transactions. Instead, they use coded language to disguise their conversations about illegal narcotics transactions and also communicate via text messages.

## Purpose of this Affidavit

4.   The information in this affidavit is personally known to me or has been provided to me by other law enforcement officers either in person or through a review of their reports. The limited purpose of this affidavit is to establish probable cause for the arrest of Odis HOSLEY for having committed the criminal offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a)(1). Accordingly, this affidavit does not set forth every fact that is known to me, or other officers, regarding Odis HOSLEY.

## Controlled Purchase of Heroin on August 25, 2019

5.     On August 25, 2019, a Palm Beach County Sheriff's Office agent acting in an undercover capacity (UC) set up a controlled purchase of heroin from Odis HOSLEY (HOSLEY). The UC was provided $100.00 U.S. currency. The UC met with an unidentified female known only as "Michelle" near the intersection of 2nd Ave. N and north H Street in Lake Worth, in Palm Beach County, within the Southern District of Florida. The UC asked if "Michelle" wanted to make some money, by helping the UC purchase some heroin and "Michelle" advised she did.

6.     At that time, "Michelle" entered the front passenger's side of the UC vehicle. The UC informed "Michelle" the UC was looking for some "H," which I know based upon my training and experience to be street terminology for heroin. "Michelle" stated she would be able to get the UC some heroin and explained to the UC that her "guy" had "some really good stuff." "Michelle" then made contact with a male via cellular telephone and directed the UC towards 4th Ave. south and south F Street. When the UC and "Michelle" arrived at that location, "Michelle" made contact with a black male later identified as HOSLEY.

7.     During a video-recorded meeting, HOSLEY stated that he did not have any heroin on him, but he could show the UC where to get heroin. "Michelle" then exited the UC vehicle and HOSLEY entered the front passenger's side of the UC vehicle. HOSLEY then directed the UC toward the 1300 block of south N Street in Lake Worth, Florida. HOSLEY exited the UC vehicle and walked eastbound on 14th Ave south. Approximately 10 minutes later HOSLEY returned to the UC vehicle and provided the UC with a clear plastic baggie, with an approximate gross weight of 7 grams, and which contained a powdery substance suspected to be heroin. The UC then provided HOSLEY with $100.00 in U.S. currency.

8. Thereafter, HOSLEY exited the UC vehicle and the UC left the area. The white powdery substance purchased from HOSLEY was later field tested and returned a positive result for the presence of heroin, a Schedule I controlled substance.

### Conclusion

9. Therefore, based on the facts and information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on August 25, 2019, Odis HOSLEY did commit the criminal offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

JOSEPH C. VERNEER, IV
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this 29 day of August, 2019, at West Palm Beach, Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>19-8364-BER</u>

**UNITED STATES OF AMERICA**

vs.

**Odis J. Hosley,**

       **Defendant.**

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
JENNIFER C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 171700
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Jennifer.Nucci@usdoj.gov